LEWIS et al. v. STANTON INDEPENDENT SCHOOL DIST. et al.   (No. 2035.)

Court of Civil Appeals of Texas. El Paso.
May 12, 1927.

1. Schools and school districts ⚫➝97(4)—Failure to post distance markers around polls held not to invalidate school bond election (Rev. St. 1925, arts. 2785, 2999).

Failure to post distance markers at approaches to polls, as required by Rev. St. 1925, art. 2999, *held* mere irregularity, not invalidating school bond election, required by article 2785 to be conducted like general elections, where there was no electioneering and loitering around polls.

2. Schools and school districts ⚫➝97(4)—School bond election judge's acquiescence in voters' selection of clerks made them his "appointees" (Rev. St. 1925, art. 3001).

Acquiescence of judge at school bond election in selection of clerks by voters present on failure of those appointed by school trustees to act was sufficient to constitute them his appointees within Rev. St. 1925, art. 3001.

3. Schools and school districts ⚫➝97(4)—Clerks selected by voters present being de facto clerks, irregularity of their selection did not invalidate school bond election.

School bond election clerks, selected by voters present on failure of those appointed by school trustees to act, being de facto clerks, irregularity of their selection did not affect result so as to affect validity of election.

4. Schools and school districts ⚫➝97(4)—Notice of school bond election held properly given by posting (Rev. St. 1925, arts. 28, 2785, 2950).

Notice of school bond election *held* properly given by posting under Rev. St. 1925, arts. 2785, 2950; article 28 being inapplicable.

---

Appeal from District Court, Martin County; Ben Randals, Judge.

Election contest by B. G. Lewis and others against the Stanton Independent School District and others. From an adverse judgment, contestants appeal. Affirmed.

Harper & Howard, of El Paso, and Lockhart & Garrard, of Lubbock, for appellants.

Morrison & Morrison, of Big Spring, for appellees.

HIGGINS, J. Appellants brought this suit against the Stanton independent school district, the trustees thereof, and the county attorney of Martin county, contesting the validity of an election held June 12, 1926, to determine whether or not the district should issue bonds for building purposes, and levy a tax to pay the interest and principal of such bonds, which election had been declared in favor of the purpose for which it was held by a vote of 135 to 99.

The contest was tried without a jury and judgment rendered against contestants. The appeal is prosecuted upon the findings and conclusions of the trial judge.

The propositions upon which the validity of the election is here attacked may be thus summarized: (1) No distance markers were placed around the voting place of the election. (2) The two clerks of the election were not appointed by the trustees of the district. (3) Notice of the election was given by posting instead of by publication in a newspaper.

The court found that distance markers were not placed around the voting places, but no parties hung around the polls electioneering in favor of the bonds, or to influence any one to vote for same; that the clerks who were regularly appointed to hold the election failed to appear, and the ones who acted were duly and regularly elected as such clerks, and neither they nor the judge exercised any undue interest in the election or attempted to influence any voter to vote for the bonds; that notice of the election was given by posting, and not by publication in a newspaper.

[1] Article 2785, R. S. 1925, provides, with certain exceptions, that elections of this character shall be held and conducted as provided by law for general elections.

At general elections it is the duty of the judge to place markers at the approaches to the polls 100 feet distant from the entrance to the room at which the election is held, with the words printed thereon:

"*Distance Markers.* No electioneering or loitering between this point and the entrance to the polls." Article 2999, R. S. 1925.

With reference to the failure to place distance markers around the polls, contestants alleged parties hung around the polls, and continually electioneered in favor of the bonds and the tax.

Election markers are intended to prevent electioneering and loitering around the polls, and the court found there was no such electioneering and loitering. The purpose of the markers was accomplished without them being posted as shown by the court's findings. The failure to post same is a mere irregularity, which did not affect the result, and does not invalidate the election.

[2, 3] The second proposition is equally without merit. The clerks appointed by the trustees having failed to act, the judge of the election was authorized to appoint clerks in their places. Article 3001, R. S. 1925. The court found that the clerks who acted were elected, and we suppose this finding means they were elected by the voters present. The judge evidently acquiesced in the selection of the clerks thus made. Such acquiescence was sufficient to constitute them his appointees. In any event, those so selected were the de facto clerks of the election, and the irregularity of their selection did not affect the result in the slightest degree; hence the validity of the election is not affected. Hunnicutt v. State, 75 Tex. 233, 12 S. W. 106; McCrary on Elections, § 216; 20 C. J. 90.

[4] As to the manner in which notice of the election was given, this was properly done by posting. Article 2785, R. S. 1925. See, also, article 2950. Article 28, R. S. 1925, has no application, as appellants assert.

Affirmed.